T.C. Memo. 2002-131

UNITED STATES TAX COURT

HARRY J. SULLIVAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7240-01.                    Filed May 29, 2002.

Harry J. Sullivan, pro se.

<u>Anita A. Gill</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $3,832 in petitioner's 1996 Federal income tax and
an addition to tax of $952.75 under section 6651(a)(1).  Unless
otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined that petitioner failed to substantiate that certain deductions were ordinary and necessary expenses incurred while carrying on a trade or business. We must decide whether petitioner: (1) Is entitled to deduct on Schedule C, Profit or Loss From Business, car and truck expenses and amounts deducted as wages paid for casual labor in excess of those allowed by respondent; (2) is liable for self-employment tax; and (3) failed to file timely his Federal income tax return without reasonable cause.

The stipulated facts and exhibits are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Marietta, Ohio.

## FINDINGS OF FACT

Petitioner filed his 1996 Form 1040, U.S. Individual Income Tax Return, on April 19, 1999.

Petitioner was self-employed in 1996 as a subcontractor. He performed work on windows, patios, patio doors, siding, and other cosmetic work on houses. Petitioner drove a pickup truck with an 8-foot bed that he used to carry various pieces of equipment used in his business. His work required him to carry "pump-jacks" for scaffolding he used on homes, a "porta-brake" for metal bending, ladder jacks, roof brackets, a 10-inch portable saw, and a table saw. During 1996 petitioner drove from his home to job sites located in West Virginia, Pennsylvania, Maryland, and Ohio.

Petitioner obtained his jobs through contractors he had met over the years and with whom he maintained contact. Periodically they called him when jobs became available.

It was not practical for petitioner to have a checking account in each of the States in which he worked. Even if he had such accounts, the casual labor hired by petitioner usually insisted on payment in cash. Petitioner kept no record of the persons he employed during the year. But he deducted on Schedule C wage expenses of $6,025 of which respondent disallowed $5,550.

Although petitioner did not keep contemporaneous business records, he did attempt to reconstruct his truck mileage. Entitled "Approx Work Mileage 1996", the reconstructed record consists of handwritten sheets with dates, locations, and trip distances. Petitioner deducted $9,244 as car and truck expenses on his Schedule C. His reconstructed mileage total for the year is 29,390 miles.

Petitioner reported a net profit from business of $256 on his Schedule C for 1996. The tax return reports total taxable income for the year of $0.

OPINION

Substantiation of Schedule C Expenses

Petitioner must show that the amounts claimed are deductible business expenses. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Hradesky v. Commissioner, 65

T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).[1]

Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine the correct tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Failure to prove the exact amount of an otherwise deductible item may not always be fatal, because generally, unless precluded by section 274, we may estimate the amount of such an expense and allow the deduction to that extent.  Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).  In order for the Court to estimate the amount of an expense, however, there must be some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, an allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Section 274(d) provides, however, that no deduction shall be allowed with respect to any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates by adequate records or sufficient evidence to corroborate the taxpayer's own testimony:  (1) The amount of the expenditure or use based on the

[1]Petitioner has made no argument that the burden of proof shifting provisions of sec. 7491 apply to this case, nor has he offered any evidence that he has complied with the requirements of sec. 7491(a)(2).

appropriate measure (mileage may be used in the case of automobiles), (2) the time and place of the expenditure or use, (3) the business purpose of the expenditure or use, and (4) the business relationship to the taxpayer of each expenditure or use.

"Listed property" includes any passenger automobile and "any other property used as a means of transportation". Sec. 280F(d)(4)(A)(i) and (ii). Generally, a passenger automobile is any 4-wheeled vehicle made for use on public roads, weighing less than 6,000 pounds. Sec. 280F(d)(5)(A). Property used as a "means of transportation" includes trucks and any other vehicle for transporting persons or goods. Sec. 1.280F-6T(b)(2), Temporary Income Tax Regs., 49 Fed. Reg. 42713 (Oct. 24, 1984). Because petitioner's pickup truck falls within the definition of listed property,[2] expenses for its use must meet the substantiation requirements of section 274(d)(4).

To meet the adequate records requirements of section 274, a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence

---

[2]Sec. 1.274-5T(k)(7), Temporary Income Tax Regs., 50 Fed. Reg. 46035 (Nov. 6, 1985), specifically includes pickup trucks and vans within the substantiation requirements of sec. 274(d) unless it has been modified to exclude more than de minimis personal use. Petitioner made no such showing.

to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

The Court finds that petitioner has not met the adequate records requirements of section 274 and is unable to establish each element of his expenditure or use of the truck.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner gave no oral or written evidence of the names or number of his employees for the year or how much he paid each of them.  The Court therefore finds that there is no basis upon which an estimate may be made of his wage expenses for casual labor.  Without such a basis, an allowance would amount to unguided largesse.  See Williams v. United States, supra.

Self-Employment Tax

From the evidence in the record, the Court concludes that petitioner is liable for the self-employment tax under section 1401 on his Schedule C earnings.

Failure To File Timely

When asked why his tax return was filed late for 1996, petitioner forthrightly replied:  "The fact of the matter is I was negligent."  Because petitioner has conceded that his tax

return was not timely filed and that the failure to file was without reasonable cause, we hold that he is liable for the addition to tax under section 6651(a)(1).

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.